1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, )<br><br>Plaintiff, )<br><br>v.   )<br><br>UYEN DANG, )<br><br>Defendant. )<br>_____ ) | Case No.: 5:10-CV-05723 EJD<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>[Re: Docket Item No. 23] |

Plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") moves for entry of default judgment in the amount of $111,600.00 against Defendant Uyen Dang, individually and d/b/a/ Chot Nho Café ("Defendant"). Plaintiff seeks damages stemming from Defendant's alleged violation of 47 U.S.C. § 605(a) and conversion of Plaintiff's property. The Court has considered the moving papers and the oral argument of Plaintiff's counsel presented at the hearing on September 23, 2011. For the reasons discussed below, the motion is GRANTED.

**I. BACKGROUND**

**A. Procedural history**

Plaintiff filed the instant action on December 15, 2010. After Defendant was served with process and failed to respond, Plaintiff moved for entry of default and served the motion by mail. See ECF No. 9, 11. The clerk entered default on May 4, 2011. Plaintiff moved for default judgment on June 7, 2011, and has provided proof of service indicating that a copy of the notice and

1

application for default judgment were mailed to Defendant. <u>See</u> ECF No. 16. Defendant did not appear at the hearing.

**B. Factual history**

Plaintiff is a distributor of sports and entertainment programming. It purchased the rights to broadcast a December 19, 2009 championship fight between Cung Le and Scott Smith, together with undercard bouts, televised replay, and color commentary (collectively, the "Program"). It then entered into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees to exhibit the Program to their patrons. The Program was broadcast in interstate commerce by means of an encrypted transmission, and only Plaintiff's sublicensees were entitled to decrypt that transmission.

On the day of the broadcast, Gary Gravelyn ("Gravelyn"), an investigator hired by Plaintiff, observed an exhibition of the Program in Chot Nho Cafe. Defendant was not a sublicensee entitled to exhibit the Program. Gravelyn entered the premises without paying a cover charge and observed the Program on twelve televisions. Decl. of Affiant at 2. Between 8:48 p.m. and 8:55 p.m., he performed three headcounts, noting the presence of twenty-one, twenty-one, and twenty-three people by each respective count. <u>Id.</u> at 2-3; <u>but see</u> Mot. at 13:25, ECF No. 16-1 (stating that the headcounts were taken between 8:51 p.m. and 9:40 p.m). The declaration indicates the capacity of Chot Nho Cafe as seventy-five and does not indicate that Gravelyn observed either a satellite dish or a cable box, except that Gravelyn observed an "antenna cable box near laptop" which may have brought in the signal. Decl. of Affiant at 2.

## II. DISCUSSION

Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $100,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and $1,600 in damages for conversion. Plaintiff also alleges that Defendant has violated 47 U.S.C § 553(a), which provides for statutory damages pursuant to subsection (c)(3)(A)(ii) and enhanced damages pursuant to subsection (c)(3)(B).

Case No.: 5:10-CV-05723 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**A. Whether to apply 47 U.S.C. § 605 or 47 U.S.C § 553**

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1 (1944); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). Plaintiff seeks damages pursuant to § 605, which "requires proof that a defendant has '(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff.'" California Satellite Systems v. Seimon, 767 F.2d 1364, 1366 (9th Cir. 1985) (citing National Subscription Television v. S & H TV, 644 F.2d 820, 826 (9th Cir. 1981)). Plaintiff alleges in its complaint that it transmitted the Program, that Defendant unlawfully intercepted the Program, and that Defendant exhibited the Program. Compl. ¶¶ 9-13.

However, § 605 applies only to intercepted "radio" communications or broadcasts through the air, such as satellite broadcasts. J & J Sports Productions, Inc. v. Man Thi Doan, No. C-08-00324 RMW, 2008 WL 4911223, at *2 (N.D. Cal. Nov.13, 2008) (citing United States v. Norris, 88 F.3d 462 (7th Cir. 1996)). The pleadings do not allege that Defendant intercepted a satellite broadcast, and Gravelyn does not state that he observed a satellite dish at Chot Nho Cafe. Decl. of Affiant. The Court may not enter default judgment if the factual allegations in the pleadings are insufficient to establish liability.

However, the complaint also asserts a claim under 47 U.S.C. § 553, which "prohibits a person from 'intercept[ing] or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system.'" Man Thi Doan, 2008 WL 4911223 at *2 (quoting 47 U.S.C. § 553(a)(1)) (alterations in the original). While Gravelyn does not state that he observed a cable box, he does state that he observed an antenna cable box near a laptop. Decl. of Affiant at 2. It is undisputed that Defendant intercepted the broadcast by some means, and a cable box is hidden more easily than a satellite dish. Accord J & J Sports Productions, Inc. v. Guzman et al., 3:08-cv-05469-MHP, 2009 WL 1034218, at *2 (N.D. Cal. April 16, 2009). Accordingly, Plaintiff's allegations are sufficient for present purposes to establish Defendant's liability under § 553(a)(1).

3

United States District Court
For the Northern District of California

**1. Statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii)**

An aggrieved party may recover either actual damages pursuant to § 553(c)(3)(A)(i) or statutory damages pursuant to § 553(c)(3)(A)(ii). A court may award statutory damages of "not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553(c)(3)(A)(ii). Plaintiff has presented evidence of the capacity of the establishment as seventy-five, which served twenty-one, twenty-one, and twenty-three persons during Gravelyn's headcounts, and the Program was shown on twelve televisions. These factors suggest that maximum damages are unwarranted. The Court finds that an award of $6,000 is sufficient under the circumstances.

**2. Enhanced damages pursuant to 47 U.S.C. § 553(c)(3)(B)**

47 U.S.C. § 553(c)(3)(B) provides that in the case of a willful violation for purposes of commercial advantage or private gain, "the court in its discretion may increase the award of damages . . . by an amount of not more than $50,000." Plaintiff alleges that Defendants' interception of the program was willful and for purposes of commercial advantage or private gain. Compl. ¶ 13.

"Courts that have awarded enhanced damage awards due to willful violations of the Communications Act have cited such factors as the repeated violation of the Act, the intent to profit from the violations and actual profit derived from the violation." J & J Sports Productions, Inc. v. Basto, et al., No. C 10-1803, 2011 WL 566843, at 2 (N.D.Cal. Feb. 14, 2011) (citing Universal Sports Network v. Jimenez, 2002 WL 31109707, at *1 (N.D.Cal. Sept.18, 2002)). Although Plaintiff has brought to the attention of the court another case pending in which similar conduct is alleged, that case deals with an incident that occurred after the event at issue in this action and therefore is not particularly probative of the Defendant's willfulness or purpose during the event at issue here. In light of the fact that Gravelyn observed twenty-one, twenty-one, and twenty-three persons present, the restaurant was at less than one-third capacity, and there was no cover charge, the record is unclear whether Defendant made a profit. Thus, the Court concludes that this is not an appropriate situation for the Court to exercise its discretionary authority to impose enhanced damages.

Case No.: 5:10-CV-05723 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

United States District Court
For the Northern District of California

**B. Damages for conversion**

As a result of Defendant's default, the facts alleged in the pleadings are sufficient to establish that Defendant wrongfully denied Plaintiff ownership of the right to control the exhibition the Program and therefore are sufficient to establish that Defendant is liable for the tort of conversion. See Culp v. Signal Van & Storage, 142 Cal.App.2d Supp. 859, 862 (App. Div. 1956). Pursuant to Cal. Civ. Code § 3336, Defendant is liable for the value of the property at the time of the conversion. Accordingly, Plaintiff is entitled to recover the sublicensing fee of $1,600.

### III. CONCLUSION

Plaintiff's motion is granted. Plaintiff shall recover $6,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii) and $1,600 pursuant to Cal. Civ. Code § 3336.

IT IS SO ORDERED.

Dated:  F gego dgt'36.'4233

EDWARD J. DAVILA
United States District Judge

Case No.: 5:10-CV-05723 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT